IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Haseeb Sultan SYED,**<br>c/o DHS detention at<br>Suffolk County House of Correction<br>20 Bradston Street<br>Boston, MA  02118<br><br>        Petitioner,<br><br>        v.<br><br>**Michael CHERTOFF**, Secretary,<br> U.S. Department of Homeland Security, in his official<br> capacity and his successors and assigns,<br> 245 Murray Lane, Building 410, SW<br> Washington, D.C.  20528<br>        and<br>**John P. TORRES**, Director,<br> Office of Detention and Removal Operations,<br> U.S. Immigration and Customs Enforcement, in his<br> official capacity and his successors and assigns,<br> 810 I Street, NW, Suite 900<br> Washington, DC  20536<br>        and<br>**John TSOURKARIS**, Director,<br> Headquarters Post-Order Detention Unit,<br> U.S. Immigration and Customs Enforcement, in his<br> official capacity and his successors and assigns,<br> 810 I Street, NW, Suite 900<br> Washington, DC  20536<br><br>        Respondents. | Civil Action No. |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

### INTRODUCTION

1. The Petitioner, Haseeb Sultan Syed (Immigration File No. 73 453 452), by and through undersigned counsel, hereby respectfully petitions this Honorable Court for a writ

of habeas corpus, pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), to remedy his unlawful detention by the Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security ("DHS").

## JURISDICTION

2. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L.No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. This Court has jurisdiction under 28 U.S.C. § 2241, art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331, as the petitioner is presently in custody under the color of authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S. 678 (2001). This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

3. The use of the Writ of Habeas Corpus to challenge detention by the Department of Homeland Security, Immigration and Customs Enforcement, is viable after the REAL ID Act. The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 (May 11, 2005), Title I, Section 106(c), amending INA §§ 242(a)(2)(A), (B), and (C) and § 242(g), while limiting habeas jurisdiction, applies only to those challenges to a "final administrative order of removal." See Hernandez v. Gonzales, 424 F.3d 42, 42 (1st Cir. 2005) (the court held that the proper venue for a habeas petition challenging detention remains with the district court); see also INS v. St. Cyr, 533 U.S. 289, 364-65 (2001) (the

Supreme Court stated: "The writ of habeas corpus has always been available to review the legality of executive detention").

4. The petitioner has exhausted his administrative remedies to the extent required by the law, and his only remedy is by way of this judicial action. The ICE Field Office Director in Boston, Massachusetts, took the petitioner into custody on March 24, 2006, and determined that the petitioner should remain in custody on September 10, 2006. Jurisdiction over the petitioner's custody was transferred to the ICE Headquarters Post-Order Detention Unit ("HQPDU") on September 24, 2006. The ICE HQPDU decided that the petitioner should remain in custody on December 18, 2006. There is no administrative appeal of the decision. See 8 C.F.R. § 241.13(g). Therefore, this habeas petition is the petitioner's sole means of review of the lawfulness of his detention.

## VENUE

5. Venue is properly with the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) because the legal custodians of the petitioner, who control his custody status, are Defendants Chertoff, Torres, and Tsourkaris, and their offices are located in Washington D.C.

## PARTIES

6. The petitioner, Haseeb Sultan Syed, is a native and citizen of Pakistan who was admitted to the United States on February 15, 1994, in New York, New York, as a nonimmigrant with a transit visa with the authority to remain in the United States in such status until February 19, 1994. He has remained in the United States beyond that date. An immigration judge ordered his deportation on December 13, 2000. The Board of Immigration Appeals dismissed the petitioner's appeal on April 18, 2003. The United

States Court of Appeals for the First Circuit affirmed the Board's decision on November 23, 2004. ICE detained him on or about March 24, 2006. He is currently in ICE custody in Boston, Massachusetts. Mr. Syed has been continuously and indefinitely detained by ICE for over 180 days pursuant to 8 U.S.C. § 1231(a). The Board of Immigration Appeals denied the petitioner's motion to reopen deportation proceedings on October 17, 2006. The respondents have not been able to effectuate his repatriation to Pakistan.

7. Respondent Michael Chertoff is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the enforcement of the INA. In his official capacity, he also is a legal custodian of the petitioner.

8. Respondent John P. Torres is the Director of Detention and Removal Operations of ICE and is responsible for ICE's detention policies. In his official capacity, he is a legal custodian of the petitioner.

9. Respondent John Tsourkaris is the Director of the ICE HQPDU and is the immediate legal custodian of the petitioner with the authority to make determinations regarding the petitioner's custody status.

## STATEMENT OF FACTS

10. The petitioner, Haseeb Sultan Syed, is a native and citizen of Pakistan. He married a U.S. citizen, Carmine Geraldo (aka Hiraldo aka Hraldo) in Lawrence, Massachusetts. Ms. Geraldo filed an immediate relative visa petition on the petitioner's behalf with the former Immigration and Naturalization Service ("INS") on June 2, 1994, which was approved on October 5, 1994. On November 14, 1994, the petitioner filed an application to adjust status to a lawful permanent resident with the INS based upon the approved immigrant visa. On January 24, 1995, Ms. Geraldo withdrew her visa petition

that she had filed with the INS. On February 13, 1995, the INS denied the petitioner's application for adjustment of status to a lawful permanent resident because Ms. Geraldo had withdrawn the visa petition. Mr. Syed and Ms. Geraldo divorced on August 7, 1995. On August 28, 1995, the petitioner married Fatima Gill, a United States citizen, in Lawrence, Massachusetts.

11. In March 1995, the INS initiated deportation proceedings against the petitioner. On September 15, 1997, an immigration judge found that the petitioner was deportable. The petitioner appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). The BIA remanded the case to the immigration judge for further proceedings. On November 17, 2000, the immigration judge again ruled that the respondent was deportable and on April 18, 2003, the Board of Immigration Appeals affirmed. The action of the Board of Immigration Appeals made the immigration judge's deportation order final. See 8 C.F.R. §§ 1003.39, 1240.52. The United States Court of Appeals for the First Circuit affirmed the decision of the Board of Immigration Appeals on November 23, 2004.

12. ICE detained the petitioner on or about March 24, 2006 and he has remained in ICE custody ever since.

13. The legality of the petitioner's post-removal order detention has not been determined by a judge or court on a prior application for a writ of habeas corpus.

14. The petitioner's detention under 8 U.S.C. § 1231(a)(2) has now extended beyond the six month "presumptively reasonable" period announced by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). As there is no reasonable likelihood

that the petitioner will be removed in the foreseeable future, the petitioner now requests release under Zadvydas.

## CAUSES OF ACTION

### COUNT ONE

### SUBSTANTIVE DUE PROCESS VIOLATION

15. The allegations contained in paragraphs 1 through 14 above are repeated and alleged again as though fully set forth herein.

16. The US Supreme Court in Zadvydas v. Davis determined that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Zadvydas v. Davis, 533 U.S. at 699-700. The Zadvydas opinion provides a two-prong test for individuals seeking release after the entry of an administratively final order. "First the alien must show (1) he is being held beyond the presumptively reasonable six-month period and (2) that there is no significant likelihood of removal in the foreseeable future." Olajide v. BICE, 402 F.Supp.2d 688 (E.D.Va. 2005).

17. Mr. Syed's detention pursuant to 8 U.S.C. § 1231(a)(2) has exceeded the presumptively reasonable six-month period. The final administrative order was entered on April 18, 2003. Mr. Syed has been continuously detained by ICE since on or about March 24, 2006, more than six months before the filing of this petition.

18. Furthermore, there is good cause for this Court to find that Mr. Syed will not be removed in the foreseeable future because ICE has failed to effectuate the petitioner's deportation despite his cooperation with the government.

      a. ICE arrested the petitioner on March 24, 2006, and detained him initially in the Suffolk County House of Correction ("Suffolk Jail"), and then in the Plymouth County Correctional Facility ("Plymouth Jail") in Massachusetts. He was transferred to the Suffolk Jail on May 5, 2006, and informed by a Pakistani consulate official that a group of Pakistanis would be deported from the United States on May 15, 2006, and that travel documents would be issued for the petitioner. Mr. Syed was then sent back to the Plymouth Jail.

      b. On May 15, 2006, the petitioner's Pakistani cellmate was called out of their jail cell. The petitioner believes that his cellmate was deported because he did not see him again. The petitioner was informed by an ICE employee that a travel document had been issued for him, but that he had not received clearance to be deported.

      c. On August 25, 2006, Mr. Syed was transferred to the Suffolk Jail for two hours and interviewed by an ICE deportation officer. He was informed that a group of Pakistanis was being deported from the Newark International Airport in September or October. He was returned to the Plymouth Jail.

      d. On September 10, 2006, the ICE Field Office Director in Boston, Massachusetts, determined that Mr. Syed should remain in custody because there was a final order of deportation against him. The Field Office Director offered no other explanation for the continued detention of Mr. Syed. The Field Office Director also stated that jurisdiction over Mr. Syed's custody status would be transferred to the ICE HQPDU by September 24, 2006 if he was not deported or released from custody by that date.

  e. On October 2, 2006, the petitioner was called out of his cell at 5 a.m. at the Plymouth Jail, transferred to the Suffolk Jail, and then brought to an ICE detention facility in Elizabeth, New Jersey. An official from the Embassy of Pakistan and an ICE employee from Washington, D.C., were there. Mr. Syed was informed that a flight to Pakistan was leaving on October 10, 2006. Twenty-two Pakistanis were placed into one unit of the ICE detention facility. He was told by the ICE employee that his immigration file was not there. The Pakistani Embassy official advised him that the petitioner's paperwork would be sent by facsimile to the ICE detention facility. On October 10, 2006, all but six of the Pakistanis were taken from the ICE detention facility. The petitioner and the other five remaining Pakistanis were told that they were not being deported, and were transferred to another unit in the ICE detention facility.

  f. On October 17, 2006, an ICE employee informed the petitioner that he was being placed back under the control of the Boston Field Office Director because the petitioner's documents had not arrived. The petitioner was then transferred back to Suffolk Jail in Massachusetts.

  g. On December 18, 2006, the ICE HQPDU issued a decision to continue to detain the petitioner. The only reasons given by ICE to continue his detention were that a request for a travel document had been submitted to the Embassy of Pakistan, the process to verify his identity was ongoing, the Pakistani government regularly issues documents to effect repatriation of its nationals, and "[t]here is no indication at this time that a certificate will not be issued for your repatriation."

    h. Mr. Syed has cooperated fully with the ICE to effectuate his speedy removal from the US. He has signed a document that he was told to sign, provided his fingerprints, and received a letter warning him that he cannot return to the United States for 10 years. ICE's vague and open-ended statement that the petitioner will repatriated by the government of Pakistan because Pakistan routinely does so is belied by the facts, and falls far short of establishing that his deportation will be in the foreseeable future. See Habtegaber v. Jenifer, 256 F. Supp.2d 692, 697-98 (E.D. Mich. 2003) (Ethiopian national ordered released after 7 months' detention where neither Ethiopian nor Eritrea responded to INS's request for travel documents); Okwilagwe v. INS, No. 3-01-DV-1416-BD, 2002 WL 356758, *3 (N.D. Tex. Mar. 1, 2002) (alien from Nigeria in custody for 11 months ordered released under Zadvydas because INS did not have travel documents in hand and there was no certainty as to when such documents might be issued); see also Lewis v. INS, No. 00CV0758)(SJ), 2002 WL 1150158, *4-5 (E.D.N.Y. May 7, 2002) (alien from Barbados provided "good reason" to believe removal not likely to occur in the reasonable foreseeable future where consulate had not responded to INS request for travel documents and alien had been detained longer than 6 months).

19. Upon information and belief, no other country has expressed a willingness to accept Mr. Syed after his removal from the U.S.

## EQUAL ACCESS TO JUSTICE ACT

20. If he prevails, the petitioner will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C.

§ 2412.

## PRAYER FOR RELIEF

WHEREFORE, the petitioner prays that this Honorable Court grant the following relief:

a) Assume jurisdiction over this matter;

b) Grant petitioner a Writ of Habeas Corpus directing the respondents to immediately release the petitioner from custody;

c) Order the respondents to refrain from transferring the petitioner out of the jurisdiction of this Court during the pendency of this proceedings and while the petitioner remains in the respondent's custody;

d) Award the petitioner reasonable costs and attorney's fees under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under the law; and

e) Grant any other further relief that this Honorable Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

February 14, 2007
Date executed

Respectfully submitted,

FOR PETITIONER HASEEB SULTAN SYED

By /s/ Thomas A. Elliot
Thomas A. Elliot
(D.C. Bar No. 259713)

ELLIOT & MAYOCK LLP
1629 K Street, N.W., Suite 1250
Washington, D.C. 20006
(202) 429-1725

07-347
RCL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Haseeb Sultan SYED
c/o DHS detention at Suffolk County House of Correction, 20 Bradston Street, Boston, MA 02118

## DEFENDANTS

Michael CHERTOFF, Secretary, DHS
John P. TORRES, Director, Office of Detention & Removal, ICE, DHS
John TSOURKARIS, Director, HQPDU, ICE, DHS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas A. Elliot, Esquire
Elliot & Mayock LLP
1629 K Street N.W., 12th Floor
Washington, DC 20006-1641
202-419-1725

CASE NUMBER  1:07CV00347
JUDGE: Royce C. Lamberth
DECK TYPE: Administrative Agency Rev
DATE STAMP: 02/14/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND ONE FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ● C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 2241 - Petition for Writ of Habeas Corpus - Detention of plaintiff by Department of Homeland Security post-removal order

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE February 14, 2007   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.